NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  WORLD BOTANICAL GARDENS, INC.,<br><br>Debtor.<br><br>————————————————<br><br>WALTER L. WAGNER; et al.,<br><br>Appellants,<br><br>v.<br><br>UST - UNITED STATES TRUSTEE, RENO; WORLD BOTANICAL GARDENS, INC.,<br><br>Appellees. | No. 15-60037<br><br>BAP No. 14-1246<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Dunn, Jury and Kurtz, Bankruptcy Judges, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Walter L. Wagner, Calvin Andrus, and Douglas Lee appeal pro se from the judgment of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order converting the debtor's bankruptcy case from a case under chapter 11 of the Bankruptcy Code to one under chapter 7. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The BAP correctly limited the scope of the appeal to the bankruptcy court's conversion order because appellants failed to appeal the bankruptcy court's sale order within 14 days of entry as required by Fed. R. Bankr. P. 8002(a)(1). *See* 11 U.S.C. § 158(c)(2) (an appeal to the BAP or district court from a bankruptcy court must be taken within the time provided by Fed. R. Bankr. P. 8002); *Anderson v. Mouradick (In re Mouradick)*, 13 F.3d 326, 327 (9th Cir. 1994) ("[T]he untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order."); *see also Sulmeyer v. Karbach Enters. (In re Exennium, Inc.)*, 715 F.2d 1401, 1402-03 (9th Cir. 1983) (bankruptcy court order approving sale of property of the bankruptcy estate deemed final).

The BAP properly determined that appellants lack standing to challenge the

15-60037

bankruptcy court's conversion order due to inadequate notice because appellants concede that they received notice of the hearing. Appellants' appeal is based on an alleged lack of notice to other parties but appellants lack standing to assert the legal rights of others and they provide no authority for their assertion that the alleged lack of notice to others deprived the bankruptcy court of jurisdiction. *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 289-90 (2008) (prudential standing requires that a party must assert its own legal rights and may not assert the legal rights of another).

We do not consider the merits of the bankruptcy court's conversion order because appellants do not challenge the substance of the order in their opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Because we affirm based on appellants' lack of standing to prosecute the appeal, we do not consider Wagner's challenge to the BAP's order dismissing him as an appellant.

**AFFIRMED.**